___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

AUG 28 2008   RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DEPUTY

08-CV-01296-CMP

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NATHAN ADAMS,<br><br>Plaintiff<br><br>vs.<br><br>CITY OF SEATTLE, KING COUNTY, OFFICER HURD, and JOHN DOE,<br><br>Defendants | No. C08-1296 JCC<br><br>COMPLAINT |

**COMES NOW** the plaintiff, Nathan Adams, through his undersigned attorney, John R. Scannell, and alleges as follows:

## I. PARTIES, JURISDICTION, VENUE

This action is brought under 42 U.S.C. §1983 (Civil Rights Act of 1871) relating to the plaintiff's exercise of his rights under the Constitution of the United States and includes offenses committed under color of law resulting in a deprivation of rights secured by the Constitution and laws of the United States of America.

1. Plaintiff Nathan Adams is and was, at all times relevant hereto, a resident of the State of Washington.

2. The Defendant City of Seattle is a municipal corporation in the State of Washington.

3. The Defendant King County is a municipal corporation in the State of Washington and is the employer of Officer Hurd.

---

**COMPLAINT - PAGE 1**
Software © 1996 by "Zamboni" John Scannell


ORIGINAL

ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

4. At all times pertinent to this complaint, Officer Hurd was an employee of King County and acting as a jailer for King County. In doing the acts and things hereinafter set forth, said defendant was acting, in his respective capacity as stated, under color of an Ordinance of King County, State of Washington, and a Statute of Washington, namely R.C.W. 38.52 et seq. as well as other Statutes of Washington.

5. At all times pertinent to this complaint Officer John Doe was a police officer working for the City of Seattle. In doing the acts and things hereinafter set forth, said defendant was acting in his respective capacity as stated, under color of law of City of Seattle..

6. At all times relevant hereto each of the defendants was acting as agent of each of the other defendants.

7. Jurisdiction is conferred on the court by virtue of 29 U.S.C §1331, §1334, §1343. Venue in this district is appropriate pursuant to Title 28, United States Code, §1391, because the pertinent events took place in this district.

## II. FACTS

8. On August 20, 2006, Officer John Doe arrested the plaintiff without cause. Officer John Doe arrested the plaintiff for remarks the plaintiff made criticizing the officer for the arrest of a friend.

9. Defendant John Doe used excessive force during the arrest of plaintiff Adams by putting handcuffs on too tight.

10. During the training of Defendant Doe, Defendant City of Seattle trained him to use excessive force as a matter of policy. During the course of discovery, plaintiff intends to determine the methodology employed by the City of Seattle to train its officers and therefore, this Paragraph is a provisional allegation under FRCP 11.

**COMPLAINT - PAGE 2**
Software © 1996 by "Zamboni" John Scannell

ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

11. After being taken to the jail, plaintiff was assaulted by Officer Hurd, who hit him on the head, bruised his eye and wrist, and strip searched him in front of female prisoners. These actions were excessive and in retaliation for the plaintiff making complaints about the nature of his arrest.

12. During the training of Defendant Officer Hurd, Defendant King County trained him to use excessive force and to humiliate prisoners as a matter of policy. During the course of discovery, plaintiff intends to determine the methodology employed by the King County to train its officers and therefore, this paragraph is a provisional allegation under FRCP 11.

## CAUSE OF ACTION #1 - VIOLATION OF THE FIRST AMENDMENT RIGHT TO FREE SPEECH AS APPLIED TO THE STATES THROUGH THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

13. Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation in paragraphs 1 through 12 as if fully set forth herein.

14. The acts and omissions of the defendants herein were done under color of state law, custom or usage.

15. The plaintiff had a federally-protected right, under the freedom of speech and assembly provisions of the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, to criticize the actions of the police officers.

16. The acts and omissions of defendants herein proximately caused the deprivation of the First Amendment rights of the plaintiff, as applied to the states through the Fourteenth Amendment to the United States Constitution.

17. As a proximate result of the acts and omissions of the defendants and the deprivation of his First and Fourteenth Amendment rights, the plaintiff, has suffered personal injuries as set forth herein-above.

COMPLAINT - PAGE 3
Software © 1996 by "Zamboni" John Scannell

ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

## CAUSE OF ACTION #2 - VIOLATION OF THE FOURTH AMENDMENT PROHIBITION AGAINST UNREASONABLE SEIZURES

18. Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation in paragraphs 1 through 17 as if fully set forth herein.

19. Plaintiff Nathan Adams was seized for the purposes of the Fourth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment to the United States Constitution, by the acts and omissions of the defendants.

20. Plaintiff Nathan Adams has rights, protected under the Fourth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment to the United States Constitution, not to be subjected to an unreasonable seizure.

21. The acts and omissions of the defendants herein proximately caused the deprivation of the Fourth and Fourteenth Amendment rights of plaintiff Nathan Adams.

22. As a proximate result of the acts and omissions of the defendants and deprivation of plaintiff's Fourth and Fourteenth Amendment rights, plaintiff has suffered personal injuries as set forth hereinabove.

## CAUSE OF ACTION #3 - VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE

23. Plaintiff hereby incorporates and realleges each and every allegation of paragraphs 1 through 22, as if fully set forth herein.

24. Plaintiff Nathan Adams has a right, under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, to remain in a public place of his choice and the right to move from one place to another.

25. The acts and actions of the defendants herein proximately caused the deprivation of plaintiff's Fourteenth Amendment rights.

**COMPLAINT - PAGE 4**
Software © 1996 by "Zamboni" John Scannell

ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

26. As a proximate result of the acts and omissions of the defendants and deprivation of plaintiff's Fourth Amendment rights, plaintiff has suffered personal injuries as set forth hereinabove.

### CAUSE OF ACTION #4 - VIOLATION OF FOURTH AMENDMENT PROHIBITION AGAINST THE USE OF UNREASONABLE FORCE

27. Plaintiff hereby incorporates and realleges each and every allegation of paragraphs 1 through 26, as if fully set forth herein.

28. Plaintiff Nathan Adams had a right, under the Fourth amendment of the United States Constitution as applied to the states through the Fourteenth Amendment to the United States Constitution, not to be subjected to the use of unreasonable force against his person.

29. The acts and omissions of the defendants herein proximately caused the deprivation of the Fourth Amendment Rights as applied to the States through the Fourteenth Amendment to the United States Constitution, of the plaintiff.

30. As a proximate result of the acts and omissions of the defendants and deprivation of plaintiff's Fourth Amendment rights as applied to the states through the Fourteenth Amendment to the United States Constitution, plaintiff has suffered personal injuries as set forth hereinabove.

### CAUSE OF ACTION #5 - VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO PERSONAL SECURITY

31. Plaintiff hereby incorporate and realleges each and every allegation of paragraphs 1 through 30, as if fully set forth herein.

32. Plaintiff has a right, under the Fourteenth Amendment to the United States Constitution, to personal security.

33. The acts and omissions of the defendants caused deprivation of plaintiff's Fourteenth Amendment rights to personal security.

**COMPLAINT - PAGE 5**
Software © 1996 by "Zamboni" John Scannell

ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

## CAUSE OF ACTION #6 - MUNICIPAL LIABILITY OF THE CITY OF SEATTLE

34. Plaintiff hereby incorporates and realleges each and every allegation of paragraphs 1 through 33, as if fully set forth herein.

35. At all times material to this complaint, Defendant City of Seattle, had in effect certain explicit and de facto policies, practices and customs which were applied to the plaintiff which caused excessive use of force when placing handcuffs on the plaintiff.

36. For purposes of the incidents described herein, it was the policy, custom and practice of the Defendant City of Seattle to utilize unreasonable force in violation of the First, Fourth, and Fourteenth Amendment rights of the plaintiff, set forth hereinabove.

37. It was further the policy of the Defendant City of Seattle, to approve, acquiesce, condone and ratify the use of unreasonable force in violation of the First, Fourth and Fourteenth Amendment rights of the plaintiff in the incidents described hereinabove.

38. The policy, practice and custom of approving, acquiescing in condoning and/or ratifying the use of unreasonable force in violation of the First, Fourth and Fourteenth Amendment rights of the plaintiff in the incident described herein was a deliberate choice by Defendant City of Seattle.

39. At all times material to this complaint, Defendant City of Seattle, had in effect certain explicit and de facto policies, practices and customs which were applied to the plaintiff which caused the plaintiff to be seized.

40. For purposes of the incidents described herein, it was the policy, custom and practice of the Defendant City of Seattle to seize persons in violation of the First, Fourth, and Fourteenth Amendment rights of the plaintiff, set forth hereinabove.

41. It was further the policy of the Defendant City of Seattle, to approve, acquiesce, condone and ratify unlawful seizures in violation of the First, Fourth and Fourteenth Amendment rights of the plaintiff in the incidents described hereinabove.

**COMPLAINT - PAGE 6**
Software © 1996 by "Zamboni" John Scannell

ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

42. These policies, practices and customs were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the plaintiff as set forth hereinabove.

43. As a proximate result of the above the above described policies, practices and customs of Defendant City of Seattle, and as a result of the deprivation of plaintiff's First, Fourth and Fourteenth Amendment rights, plaintiff has suffered personal injuries as set forth hereinabove.

44. At all times material herein, Defendant City of Seattle had a duty, under the United States Constitution, to supervise its police officers properly.

45. At all times material herein, Defendant City of Seattle had a duty, under the Fourth Amendment of the United States Constitution, to adequately train its police officers not unlawfully seize persons or use excessive force.

46. Defendant City of Seattle failed to train properly or supervise properly the officers who unlawfully seized and/or used excessive force against the plaintiff.

47. The above-described failures to supervise and to train were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of rights of the plaintiff as set forth hereinabove.

48. The above-described failures by Defendant City of Seattle to supervise and to adequately train the officers properly proximately caused the deprivation of the constitutional rights of plaintiff as set forth hereinabove.

49. The above-described failure by Defendant City of Seattle to properly supervise and to adequately train the officers and the resulting deprivation of plaintiff's constitutional rights, caused the plaintiff to suffer personal injuries as set forth hereinabove.

**COMPLAINT - PAGE 7**
Software © 1996 by "Zamboni" John Scannell

ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

50. During the course of discovery, plaintiff intends to determine the policies and procedures that may have led to unlawful arrest and therefore, the allegations under this cause of action are provisional allegations under CR 11. The municipal liability of King County therefore believed to be provisionally established.

### CAUSE OF ACTION #7 - MUNICIPAL LIABILITY OF KING COUNTY

51. Plaintiff hereby incorporates and realleges each and every allegation of paragraphs 1 through 50, as if fully set forth herein.

52. At all times material to this complaint, Defendant King County, had in effect certain explicit and de facto policies, practices and customs which were applied to the treatment of civilians in King County including the plaintiff.

53. For purposes of the incidents described herein, it was the policy, custom and practice of the Defendant King County to unlawfully seize civilians and deny them due process in violation of the Fourth, and Fourteenth Amendment rights of the plaintiff, set forth hereinabove.

53. These policies, practices and customs were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the plaintiff as set forth hereinabove.

54. The above described policies, practices and customs of Defendant King County proximately caused the deprivation of the Fourth and Fourteenth Amendment rights of the plaintiff.

55. As a proximate result of the above the above described policies, practices and customs of Defendant King County, and as a result of the deprivation of plaintiff's First, Fourth and Fourteenth Amendment rights, plaintiff has suffered personal injuries as set forth hereinabove.

56. At all times material herein, Defendant King County had a duty, under the United States Constitution, to supervise its police officers and jailers properly.

COMPLAINT - PAGE 8
Software © 1996 by "Zamboni" John Scannell

ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

57. At all times material herein, Defendant King County had a duty, under the Fourth Amendment of the United States Constitution, to adequately train its jailers not to unlawfully use excessive force against the plaintiff and to respect his first amendment rights.

58. Defendant King County failed to supervise the Defendant Hurd who unlawfully used excessive force against the plaintiff.

59. Defendant King County failed to adequately train Defendant Hurd.

60. The above-described failures by Defendant King County to supervise and to adequately train its jailers properly proximately caused the deprivation of the constitutional rights of Plaintiff Nathan Adams, as set forth hereinabove.

61. The above-described failure by Defendant King County to properly supervise and to adequately train its jailers and the resulting deprivation of Plaintiff Nathan Adam's constitutional rights, caused the plaintiff to suffer personal injuries as set forth hereinabove.

62. During the course of discovery, plaintiff intends to determine the policies and procedures that may have led to excessive use of force and denial of free speech rights and therefore, the allegations under this cause of action are provisional allegations under FRCP 11. The municipal liability of King County therefore believed to be provisionally established.

## CAUSE OF ACTION #8 - NEGLIGENCE

63. Plaintiff hereby incorporates and realleges each and every allegation of paragraph 1 through 62, as if fully set forth herein.

64. The defendants City of Seattle, King County, John Doe and Officer Hurd were negligent in their actions taken against the named plaintiff.

65. The named plaintiff has been damaged as a direct, proximate and foreseeable result of the negligent actions of the defendants City of Seattle, King County, John Doe and Officer Hurd.

COMPLAINT - PAGE 9
Software © 1996 by "Zamboni" John Scannell

ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

## CAUSE OF ACTION #9 - OUTRAGE

66. Plaintiff hereby incorporates and realleges each and every allegation of paragraph 1 through 65, as if fully set forth herein.

67. The actions of the defendants King County, and Officer Hurd constitute the tort of outrage.

68. The named plaintiff has been damaged as a direct, proximate and foreseeable result of the negligent actions of the defendants King County, and Officer Hurd.

## PRAYER FOR RELIEF

The defendants actions set forth herein constitute an egregious, willful and malicious violation of section of 42 USC §1983.

**WHEREFORE**, plaintiff prays;

That the pleadings conform to the proof at trial.

That the court enter judgment in his favor by the following:

(A) Order defendants to pay to plaintiff compensatory damages in an amount to be proven at trial.

(B) Order defendants to pay to plaintiff's punitive damages.

(C) Order defendants to pay plaintiff's reasonable attorney fees, and costs.

(D) Order such other and further relief as the court may deem to be just and proper.

**DATED** this 28th day of August, 2008

John R. Scannell, WSBA #31035
Attorney for plaintiff

**COMPLAINT - PAGE 10**
Software © 1996 by "Zamboni" John Scannell

ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685