UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN ADAMS,

        Plaintiff,

v.

CITY OF SEATTLE, KING COUNTY, OFFICER HURD, and JOHN DOE,

        Defendants.

CASE NO. C08-1296-JCC

ORDER

This matter comes before the Court on Defendant City of Seattle's Motion for Summary Judgment (Dkt. No. 18), Plaintiff's Response (Dkt. No. 21), and Defendant's Reply (Dkt. No. 26). The Court has carefully considered these documents, their supporting declarations and exhibits, and the balance of relevant materials in the case file, and has determined that oral argument is not necessary. For the reasons explained below, the Court finds and rules as follows.

**I.    BACKGROUND**

Plaintiff brings this civil rights action against Defendants City of Seattle, Seattle Police Officer John Doe, King County, and King County Corrections Officer Hurd. Plaintiff claims a deprivation of his civil rights under 42 U.S.C. § 1983, and seeks to establish municipal liability against the City of Seattle (the "City") based on alleged unconstitutional polices or practices that he claims led to an unlawful arrest and use of excessive force.

ORDER – 1

Viewed in Plaintiff's favor, the relevant facts are as follows.[1] On August 20, 2006, Plaintiff was sitting in a car with his wife, Richelle Reason-Adams, inside a gated community near 9061 Seward Park Avenue South. (Adams Decl. ¶ 2 (Dkt. No. 22).) They observed two Seattle police officers pulling over some young black men outside the gate and began making comments suggesting that the police were mishandling the men. (*Id.*) Plaintiff claims that the police overheard their conversation and then came into the gated complex and ordered Plaintiff and Richelle out of the car. (*Id.*) The officers placed Plaintiff in handcuffs and handcuffed Richelle based on a traffic warrant. (*Id.*) Plaintiff apparently requested that the officers loosen his handcuffs, but they refused to do so. (*Id.*) The booking documents indicate that Plaintiff was arrested for Driving While License Suspended in the third degree, (*see* Dkt. No. 19), although Plaintiff claims that the officers did not become aware that his license was suspended until he and Richelle were taken to the station, (Adams Decl. ¶ 2 (Dkt. No. 22)). Neither Plaintiff nor Richelle were charged, and they were soon released. (*Id.* ¶ 3.) After his handcuffs were removed, Plaintiff claims that his hands became numb and remained so for six to eight weeks. (*Id.*) He also claims that the handcuffs caused bruising around his wrists. (*Id.*)

On September 9, 2008, Plaintiff filed the instant action. (*See* Compl. (Dkt. No. 4).) The City now moves for summary judgment dismissal of all claims against it. (Mot. 1 Dkt. No. 18).)

## II. LEGAL STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi*

---

[1] For purposes of ruling on the City's motion for summary judgment, the Court views the evidence in the light most favorable to Plaintiff and draws all reasonable inferences in his favor. The following facts are primarily taken from Plaintiff's declaration.

ORDER – 2

*v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

**III   ANALYSIS**

Plaintiff claims that he was arrested without probable cause after exercising his right to free speech, and that Seattle Police Officer Doe used excessive force by "putting handcuffs on too tight." (Compl. ¶¶ 8 & 9 (Dkt. No. 4).) In an attempt to establish municipal liability, Plaintiff's Complaint alleges numerous unconstitutional policies or practices, which include: (1) the City trained Officer Doe "to use excessive force as a matter of policy"; (2) the City "had in effect certain explicit and de facto policies, practices, and customs" that caused the use of excessive force; (3) it was the policy of the City "to utilize unreasonable force in violation of the First, Fourth and Fourteenth Amendment[s]"; and (4) the City "failed to train or properly supervise the officers who unlawfully seized and/or used excessive force." (*Id.* ¶¶ 10, 35, 36, & 46.) Beyond these conclusory allegations, however, Plaintiff offers no actual evidence of these supposed policies. Instead, the Complaint states that his allegations for liability against the City are "provisionally established" and he "intends to determine the policies and procedures that *may* have led to unlawful arrest." (*Id.* ¶ 50 (emphasis added).)

A municipality may be held liable under 42 U.S.C. § 1983 when a governmental policy or custom inflicts a constitutional injury, but it may not be held liable under a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Absent evidence of a formal policy, a plaintiff must show

ORDER – 3

that his constitutional deprivation was caused by a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (*quoting Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992)). Municipal liability for improper practice or custom cannot be predicated on isolated or sporadic incidents, "it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.* "The custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'" *Id.* (*quoting Monell*, 436 U.S. at 691). To prevail, a plaintiff must show that the improper custom or practice was the cause in fact and the proximate cause of his constitutional injury. *Id.* Where a plaintiff alleges inadequate training or supervision as the basis for § 1983 liability, he must demonstrate that (1) he was deprived of a constitutional right, (2) the municipality had a policy of inaction that reflected "deliberate indifference" to the plaintiff's constitutional rights, and (3) this policy was the "moving force behind the constitutional violation." *Berg v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004) (citation omitted).

Plaintiff offers no evidence to support his allegations that the City has a policy or custom of using excessive force that caused his alleged constitutional deprivation. Nor has he presented any evidence that the City's training and supervision policies were deliberately indifferent to constitutional deprivations and such indifference was the moving force behind Plaintiff's injury. *See id.* Plaintiff does not even attempt to introduce evidence suggesting that his arrest is indicative of a City policy or practice of similar violations systemic in nature. In fact, rather than addressing the City's arguments for dismissing his claim for municipal liability, Plaintiff's Response is dedicated to arguing that Officer Doe is not entitled to qualified immunity and that Plaintiff should be given more time to discover the identity of "John Doe." (Resp. 1–6 (Dkt. No. 21) ("Officer Doe is clearly not entitled to qualified immunity.").) Inexplicably, Plaintiff's Response focuses on *officer* liability when the instant motion seeks summary judgment dismissal of the *municipal* liability claim against the City. Plaintiff's Response all but concedes that he lacks evidentiary support for his claims against the City. In the *one paragraph* that addresses municipal liability, Plaintiff

ORDER – 4

states that "if the court were to dismiss the *Monell* claims at this stage of the litigation, it should be without prejudice." (*Id.* at 7.)

The Court finds that Plaintiff has failed to present sufficient evidence to sustain a claim under *Monell* against the City of Seattle. Plaintiff's mere recitation of *Monell* boilerplate language in his Complaint is insufficient to avoid summary judgment dismissal. A § 1983 plaintiff may not avoid summary judgment by simply pleading conclusory allegations unsupported by any facts. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001). Even accepting Plaintiff's factual allegations as true, he has shown nothing more than a single incident of excessively tight handcuffing and retaliation for the exercise of his First Amendment rights. *See Davis v. City of Ellensburg*, 869 F.2d 1230, 1233–35 (9th Cir. 1989) (a single incident of improper arrest is insufficient to impose § 1983 municipal liability stemming from a claim of excessive force or inadequate training). Absent any evidence to support an inference of the existence of an unconstitutional policy or custom, Plaintiff's civil rights action against the City fails as a matter of law.

Plaintiff requests a continuance under Federal Rule of Civil Procedure 56(f) so that he can "discover the identity of John Doe" and locate a videotape that allegedly shows his bruised wrists. (Resp. 1, 5–6 (Dkt. No. 21).) "A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & County of San Fransciso*, 441 F.3d 1090, 1100 (9th Cir. 2006). The burden is on the party seeking additional discovery to proffer sufficient facts to show the evidence sought exists, and that it would prevent summary judgment. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). Plaintiff fails to explain how identifying John Doe or locating the videotape will help him establish *municipal liability* against the City based on its unconstitutional policies or practices. Plaintiff's request for a continuance is misdirected since the instant motion only seeks dismissal of the claims against the City and does not address officer liability. Accordingly, Plaintiff has offered no valid basis for a continuance on this motion and his Rule 56(f) request is denied.

ORDER – 5

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendant City of Seattle's Motion for Summary Judgment (Dkt. No. 18), and Plaintiff's claims against the City of Seattle are DISMISSED with prejudice.

SO ORDERED this 18th day of June, 2009.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 6