Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN ADAMS,

    Plaintiff,

v.

KING COUNTY, CORRECTIONS
OFFICER JOHN HURT, and
POLICE OFFICER JOHN DOE

    Defendants.

C08-1296-JCC

**ORDER**

This matter comes before the Court on Plaintiff's motion to amend the complaint (Dkt. No. 28), the response of Defendant King County (Dkt. No. 32), and Plaintiff's reply. (Dkt. No. 36). The City of Seattle, a former defendant in this matter, also submitted a response brief. (Dkt. No. 29). Also before the Court is the motion for summary judgment of Defendants King County and John Hurt (Dkt. No. 33), Plaintiff's response (Dkt. No. 40), and Defendants' reply. (Dkt. No. 45).

The Court has considered the parties' briefing, along with their various exhibits and declarations, and concluded that oral argument is unnecessary. For the reasons explained below, the Court hereby DENIES Plaintiff's motion to amend the complaint, and GRANTS Defendants' motion for summary judgment. The Court therefore DISMISSES the case with prejudice.

## I. BACKGROUND

Because this matter comes before the Court on Defendants' motion for summary judgment, all facts are stated in the light most favorable to Plaintiff, and all factual disputes are resolved in his favor. *See, e.g., Anderson v. Liberty Lobby*, 477 U.S. 242, 248–50 (1986).

On August 20, 2006, Plaintiff and his wife were sitting in their parked car near a gated community when they saw two Seattle City police officers stop two young black men. They wondered aloud why the two men were being detained, and their voices attracted the officers' attention. The officers released the young men and approached Plaintiff's car. They ordered Plaintiff and his wife to get out of the car, and immediately handcuffed Plaintiff. (Adams Decl. 1 (Dkt. No. 22)). Both Plaintiff and his wife were arrested.[1] While in the police car being taken to the King County Correctional Facility, Plaintiff asked that officers loosen his handcuffs. They refused his request. (*Id.* 2).

The arresting officers arrived at the King County Correctional Facility at 10:45 p.m., where Defendant John Hurt and other King County employees refused Plaintiff's repeated requests to loosen his handcuffs, which "were cutting through to [his] wrists." (Adams Supp. Decl. 2 (Dkt. No. 38)). While removing Plaintiff's clothing and forcing him to wear a jail uniform, Defendant Hurt "grabbed [Plaintiff's] right arm and twisted [it] way back over [his] while [he] was still handcuffed." Defendant also "grabbed two fingers and bent them back[,]" and hit Plaintiff in the head. (*Id.* 1). Plaintiff was forcibly disrobed while in a cell that was visible from a female holding cell. (*Id.* 2). Plaintiff has not alleged that any female detainees saw him while he was undressed.

Plaintiff was released the next day. (Jail Report (Dkt. No. 34 at 4)). He suffered from bruising and numbness in his wrists, and also had a black eye. (Adams Supp. Decl. 2 (Dkt. No. 38)). The numbness persisted, and Plaintiff consulted a doctor, who told him there was nothing to do except wait

---

[1]Booking documents indicate that Plaintiff was arrested for driving with a suspended license. (Report (Dkt. No. 34 at 5–6)). Plaintiff concedes that his driver's license was suspended, but states that he was not driving and that arresting officers only learned of the suspension after arriving at the King County Correctional Facility. (Adams Decl. 2 (Dkt. No. 22)).

1  for the numbing to pass. An acquaintance of Defendant's documented the injuries with a video camera.

2  (*Id.*). Plaintiff has failed to produce the videotape or doctor's report to substantiate his allegations.

3  Plaintiff filed a complaint with this Court on September 9, 2008. (*See* Compl. (Dkt. No. 4)).

4  Defendant Seattle moved for summary judgment on March 9, 2009. (Dkt. No. 18). The Court granted

5  Seattle's motion on June 18, 2009, thereby dismissing Plaintiff's claims against Seattle with prejudice.

6  (Order (Dkt. No. 27)). The Court also denied Plaintiff's request for a continuance to discover the

7  identity of Officer John Doe. (*Id.* 5).

## II. MOTION TO AMEND

Plaintiff filed a motion to amend his complaint on September 17, 2009, stating that he had succeeded in identifying Officer John Doe. (Pl. Mot. 2 (Dkt. No. 28)). At a status conference held on January 13, 2009, this Court ordered the parties to submit all amendments to their pleadings by no later than June 5, 2009. (*See* Minutes (Dkt. No. 16)).

Rule 16 governs the modification of pretrial scheduling orders. It states: "A schedule may be modified only for good cause and only with the judge's consent." FED. R. CIV. P. 16(b)(4). The Ninth Circuit explained the "good cause" standard for the purposes of Rule 16 in *Johnson v. Mammoth Recreations, Inc.*:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the submission. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *If the party was not diligent, the inquiry should end.*

975 F.2d 604, 609 (9th Cir. 1992) (emphasis added).

Plaintiff has failed to carry his burden of demonstrating diligence. He fails to offer any evidence that he served Seattle with an interrogatory or other discovery device inquiring into the identities of the

arresting officers. In fact, the attorney for Seattle avers that he never received any discovery requests whatsoever. (Larson Decl. (Dkt. No. 30)). Plaintiff's failure to use the discovery devices available to him forecloses a finding of diligence. Moreover, Defendant offers compelling evidence that Plaintiff had access to the identities of the arresting officers as early as October 2006. The Seattle City Police Department mailed a letter to Plaintiff's wife on October 22, 2006, complying with her public-disclosure request which sought information about the night she and Plaintiff were arrested. The disclosed information clearly states the names and badge numbers of the arresting officers. (Police Reports 6–12 (Dkt. No. 6–11)). A May 2009 response to a disclosure request also revealed the information. (*Id.* 14–22).[2] The Court therefore DENIES Plaintiff's motion for leave to amend his complaint.

## III. PERSONAL JURISDICTION

A federal court does not have personal jurisdiction over a defendant unless he or she has been properly served under Rule 4 of the Federal Rules of Civil Procedure. If a party fails to substantially comply with Rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4(m) requires that a plaintiff serve a defendant with the complaint and summons within 120 days. If a plaintiff fails to do so, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

Rule 4(m) continues: "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* At a minimum, "good cause" means *excusable* neglect. *Boudette v. Barnette*, 923 F.2d 754, 755 (9th Cir. 1991) (emphasis added). A party who overlooks or inadvertently fails to comply with the service requirements fails to meet the standard for

---

[2]Plaintiff moves to strike the disclosures, arguing that the police reports constitute hearsay. (Pl. Reply 1–3 (Dkt. No. 36)). The reports are not offered, however, "to prove the truth of the matter asserted." *See* FED. R. EVID. 801(c) (defining "hearsay"). Everything the reports say about the arrest might be false, and they would still establish the identities of the arresting officers.

relief. *See, e.g., Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (citing cases for the proposition that "[t]he harsh sanction of [dismissal] is appropriate in those cases in which non-service was the result of mere inadvertence."); *Townsel v. Contra Costa County*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of the Federal Rules of Civil Procedure does not rise to the level of good cause). The party who failed to serve an adverse party within the prescribed time bears the burden of establishing good cause. *Wei*, 763 F.2d at 372.

It is undisputed that Plaintiff has failed to serve Defendant John Hurt, who therefore moves for dismissal. Plaintiff asks this Court to extend his time for service because "his attorney was late in getting out discovery and obtaining partially [sic] because Hurt has only been recently identified, and partly because the difficulty in getting jail staff to cooperate." (Pl. Resp. 3 (Dkt. No. 40)). In a supporting declaration, Plaintiff's counsel states that the staff at the King County Correctional Facility refused to answer his telephone requests for Officer Hurt's work schedule. (Scannell Decl. 1 (Dkt. No. 39)). Plaintiff's counsel also states that he had searched for "Officer Hurd" instead of "Officer Hurt," and that he did not learn the correct spelling until August 25, 2009. (*Id.*).

The record shows that Plaintiff received notice of the correct spelling earlier than he avers: King County's answer, which was filed on January 16, 2009, identifies "Officer Hurt" by name three times—once, in fact, when stating that this Court lacks jurisdiction over his person. (Answer 2 (Dkt. No. 17)). Plaintiff himself has submitted an incident report from the night of his arrest which identifies "Officer Hurt" by name. (Report (Dkt. No. 39-2)). The bottom of the report reads: "One copy to staff member. *One copy to inmate*." (*Id.*) (emphasis added). Moreover, Plaintiff failed to diligently investigate Officer Hurt's identity: Plaintiff has failed to show that he made any public-disclosure requests to King County seeking to identify Officer Hurt, either before or after filing suit. *See* Washington Public Records Act, *codified at* WASH. REV. CODE 42.56.010 *et seq.* Plaintiff has also failed to show that he filed an interrogatory or other proper discovery device seeking the officer's identity.

On these facts, the Court must grant Defendant John Hurt's motion to dismiss. As the Ninth Circuit has stated, Rule 4(m) "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." *Wei*, 763 F.2d at 372. A party who fails to effectuate service within the prescribed time bears the burden of demonstrating that he diligently attempted to do so. *Id.* Plaintiff's failure to diligently investigate his own claim precludes this Court from finding good cause to extend the time to serve Defendant John Hurt. The Court therefore GRANTS Defendant's motion to dismiss for lack of personal jurisdiction.

## IV. KING COUNTY

Only one defendant remains: King County. Plaintiff alleges that the King County Correctional Facility has a policy of detaining citizens in violation of their First Amendment right to free speech and a policy of using excessive force against inmates. (*See* Pl. Resp. 4–6 (Dkt. No. 40)). In support of these allegations, Plaintiff has submitted a 2007 report prepared by the U.S. Department of Justice Civil Rights Division (Justice Report (Dkt. No. 39-3)).[3] The report paints a disheartening picture of conditions at the Correctional Facility: The Department of Justice concluded that King County violated the constitutional rights of inmates by failing to adequately protect them from physical harm and sexual misconduct, and by failing to provide adequate medical care and suicide-prevention measures. (*Id.* 2). The report identifies two particular techniques that King County officers routinely used in situations that do not merit them: the use of pepper spray and the use of a hair-hold technique. Pepper spray is a chemical agent that induces pain. The hair-hold technique involves grabbing and pulling a person's hair in order to direct his movement or otherwise force compliance. (*Id.* 5–8). The report criticizes King County officials for using pepper spray when non-compliant inmates were already immobilized, and for

---

[3]Defendant King County asks the Court to strike the report because Plaintiff's counsel failed to sign the supporting declaration identifying it, and because it appears to have a redacted page. (Def. Reply 2 (Dkt. No. 45)). These objections are without merit: The signature of Plaintiff's counsel conforms to the requirements of the Local Rules for electronic filing. *See* Local Rules, W.D. Wash. ECF Procedures III.K. The purported redaction of which Defendant complains is in the original report. *See* Justice Report at 5, *available at* www.justice.gov/crt/split/documents/king_county_findlet_11-13-07.pdf.

using the hair-hold technique at all. The report states: "[T]he hair-hold technique is a highly painful and degrading technique that carries a high risk of injury when compared to equally effective control techniques commonly taught in self-defense training courses at correctional academies." (*Id.* 5).

The Department attributed some of these problems to inadequate training and faulty policies and procedures. Correctional Facilities officers were not receiving in-service training on the use of defensive tactics, which the report described as "an essential element of a jail's required in-service training." (*Id.* 7). The facility's use-of-force manual failed to provide guidance with respect to pepper spray and other non-lethal weapons. Finally, the manual included unauthorized control tactics like the choke hold and carotid sleeper hold, although handwritten notations forbade them. (*Id.*).

**A.    Summary-Judgment Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Id.* at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

A party may move for summary judgment by pointing to a lack of evidence to support an element of an opposing party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmoving party then bears the burden of producing sufficient evidence to show that there is a genuine

issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to produce the necessary evidence, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

**B.     Government Liability**

A local government is not liable for the constitutional violations of its employees under the tort theory of *repondeat superior*. "Instead, it is when execution of government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694–95 (1978). A plaintiff need not demonstrate that a local government's formal policy is unconstitutional; it is enough to prove the existence of an unconstitutional custom "so persistent and widespread that it constitutes a permanent and well-settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*

A plaintiff may also prevail by demonstrating that a local government has a policy of inadequately training its employees, and that this failure to train demonstrates deliberate indifference to constitutional rights. *Canton v. Harris*, 489 U.S. 378, 391–92 (1988). The plaintiff must establish "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." *Berry v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004). Under any theory of local-governmental liability, a plaintiff must show that the local government's policy was "(1) the cause in fact; and (2) the proximate cause of the municipal declaration." *Trevino*, 99 F.3d at 918.

**C.     Discussion**

ORDER, C08-1296-JCC
Page 8

Defendant argues that summary judgment is appropriate because Plaintiff has failed to establish that King County policies caused his purported constitutional injuries. The Court agrees. Plaintiff nowhere produces evidence that King County maintains a custom of penalizing police critics that is "so persistent and widespread" that it constitutes a "permanent and well-settled [county] policy." *See Monell*, 436 U.S. at 691. In fact, Plaintiff has failed to produce *any evidence whatsoever* tending to show that King County maintains a policy of holding individuals to penalize them for having exercised their First Amendment rights. Plaintiff argues: "[T]he evidence . . . demonstrates that Officer Hurt *may very well have* acted out with retaliation and revenge for the challenge directed at police officers by plaintiff." (Pl. Reply 5 (Dkt. No. 40)) (emphasis added). Plaintiff's hypothetical musings are not evidence.

Plaintiff's claim for excessive force also fails. Plaintiff has failed to produce evidence demonstrating that the problems identified in the Justice report were the but-for and proximate cause of his injuries. Plaintiff's complaint emphasizes lingering numbness in his wrists because jailers refused to loosen his handcuffs. Nowhere in the Justice Report is tight handcuffing identified as a problem. Plaintiff also states that he suffered a black eye when guards assaulted him unnecessarily, but the report nowhere identifies gratuitous beatings as a problem at the Correctional Facility.

The Report concluded that King County officials inappropriately used pepper spray and the hair-hold technique. Plaintiff nowhere alleges that guards used pepper spray, and affirmatively states that they never used the hair-hold technique. (Adams Transcript 102 (Dkt. No. 45-2 at 6)). Plaintiff's failure to produce evidence linking his purported injuries to the King County Correctional Facility's policies is dispositive: Under any theory of governmental liability, a plaintiff must show that the government's policy was the but-for and proximate cause of injuries. *See Trevino*, 99 F.3d at 918. Because Plaintiff has failed to produce any evidence tending to establish this required element, his claim fails as a matter

ORDER, C08-1296-JCC
Page 9

of law. The Court GRANTS Defendant King County's motion for summary judgment.

## V. STATE-LAW CLAIMS

Plaintiff's complaint also alleges the state-law claims of outrage and negligence. The Court declines to exercise its supplemental jurisdiction to adjudicate these matters. *See* 28 U.S.C. § 1367 (defining supplemental jurisdiction). Plaintiff's state-law claims are dismissed without prejudice.

## VI. CONCLUSION

The Court DENIES Plaintiff's motion to amend the complaint (Dkt. No. 28), and GRANTS Defendants' motion for summary judgment. (Dkt. No. 33). The Court DISMISSES this case with prejudice.

SO ORDERED this 1st day of December, 2009.

JOHN C. COUGHENOUR
United States District Judge